**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION**

| | | |
|---|---|---|
| **DEBORAH COFFEY ICENHOUR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No.: CL18-1928** |
| **THE TOWN OF ABINGDON** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **CINDY PATTERSON** | ) | |
| **In her individual capacity and in her official** | ) | |
| **capacity,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**COMPLAINT**

COMES NOW Plaintiff, Deborah Coffey Icenhour ("the Plaintiff" or "Ms. Icenhour") by counsel, and hereby presents this Amended Complaint against Defendants Town of Abingdon ("the Town") and Cindy Patterson ("Ms. Patterson") in both her individual and official capacity as a member of the Town Council of Abingdon ("the Council"). In support thereof, Ms. Icenhour provides as follows:

**JURISDICTION**

1. This Court has jurisdiction over this matter as it arises from the federal questions presented by Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991 and the Lilly Ledbetter Fair Pay Act of 2009 ("Fair Pay Act"), as codified under 42 U.S.C. §§ 2000e, *et seq*. ("Title VII"), the Equal Pay Act of 1963, as codified under 29 U.S.C. §§ 201, *et seq*. ("EPA") and the Americans with Disabilities Act, as codified under Title 42 U.S.C. §§ 12101 *et seq*., and the ADA Amendments Act of 2008 ("ADA"). See generally 28 U.S.C. § 1331; 28 U.S.C. §

1343(a)(4).

2. Ms. Icenhour has timely filed a Charge of Discrimination with the U.S. Equal Opportunity Employment Commission and Received a Notice of Rights, appended as **EXHIBIT A**. Ms. Icenhour files this Amended Complaint within ninety (90) days of receiving her Notice.

3. The Town of Abingdon employees more than the requisite number of employees such that the Town avails itself to both Title VII and the ADA.

<u>FACTS</u>

4. Ms. Icenhour is a resident of Washington County, Virginia and was formerly employed as the Town Attorney for the Town of Abingdon.

5. The Town of Abingdon in Washington County, Virginia governs itself through a Council elected by the citizenry.

6. The Council appoints a Town Manager to supervise and manage town personnel.

7. The Council also appoints a Town Attorney to advise the Town on legal issues.

8. On or about October 8, 2007, Ms. Icenhour was hired as an Assistant Town Attorney for the Town.

9. The Town Council later appointed Ms. Icenhour to serve as Town Attorney on or about January 5, 2009.

10. As Town Attorney, Ms. Icenhour also adopted the duties of FOIA Officer. These duties included managing requests made of the town pursuant to the Virginia Freedom of Information Act, § 2.2-3700 *et seq*., and organizing timely responses to such requests.

11. At all times during her course of employment with the Town, Ms. Icenhour performed her duties faithfully, diligently, and with overall excellent work performance.

12. During her employment with Abingdon, Ms. Icenhour never received workplace

discipline, a poor performance review, nor was she ever placed upon any sort of performance improvement or development plan.

13. In May of 2016, the citizens of the Town voted Cindy Patterson and Wayne Craig to Council. They began serving their four-year term in July of 2016.

14. At the time, Ms. Patterson and Mr. Craig were politically aligned regarding a number of hot-button political issues confronting the Town. For example, both Ms. Patterson and Mr. Craig publicly identified with a group of Town citizens that opposed a major commercial development within the Town. This group is known as the "Friends of Abingdon".

15. Upon information and belief, the Friends of Abingdon held meetings to discuss and advance a particularized political agenda.

16. Soon after Ms. Patterson and Mr. Craig began their terms of office, the inner workings of the Town grew steadily more politicized.

17. Not all of the political in-fighting or dramatic acts and/or omissions of the Council are germane to this Complaint. Suffice it to say, due to these issues, many employees of the Town considered the working environment to be extremely hostile and volatile at times.

18. Council members routinely attempted to either drive political wedges between Town staff or would attempt to make alliances, pitting staff members against other staff members and/or Council members.

19. Ms. Icenhour and others suffered daily in this toxic environment.

20. Local media consistently reported on the political spats generated by members of the Council in 2016 and in 2017.

## COUNT I: DEFAMATION AGAINST CINDY PATTERSON
## IN HER OFFICIAL CAPACITY AND IN HER INDIVIDUAL CAPACITY AND
## AGAINST THE TOWN OF ABINGDON

21. Ms. Icenhour hereby incorporates by reference herein, the preceding paragraphs of this Complaint.

22. On September 5, 2017, Ms. Patterson attended a meeting of Town Council. Ms. Icenhour was also in attendance at this meeting.

23. During the meeting, Ms. Patterson stated publicly the following:

> **There have been more FOIA requests in recent years because the citizens don't trust the Town; they don't trust the FOIA Officer [Ms. Icenhour]. That's obvious.**

24. This statement was intentionally made by Ms. Patterson when she had actual or constructive knowledge that the statement was false and/or with reckless disregard for whether the statement was false.

25. On the following day, this statement was published in its entirety by the Bristol Herald Courier in newspapers and in online media, a copy of which has been appended as **EXHIBIT B**. The statement was widely disseminated throughout the community and beyond.

26. Ms. Patterson made the statement both in her official capacity as a member of the Town Council and also within her individual capacity.

27. Ms. Patterson had a duty not to defame Ms. Icenhour.

28. Ms. Patterson must have known of the falsity of her statement. Even if Ms. Patterson subjectively believed the statement to be true, she lacked a reasonable basis for such belief.

29. Ms. Icenhour has suffered humiliation, embarrassment, mortification, shame, vilification, ridicule, exposure to public infamy, disgrace, scandal, injury to her professional and personal reputations, financial loss, and has been hampered in the conduct of her business and affairs all

due to Ms. Patterson's defamatory statements.

30. Due to principles of agency, the Town is liable for the acts and/or omissions of Ms. Patterson through the doctrine of *respondeat superior*.

31. Ms. Icenhour timely submitted a Notice of this action pursuant to the Virginia Code § 15.2-209.

<u>**COUNT II: DEFAMATION *PER SE* AGAINST CINDY PATTERSON**</u>
<u>**IN HER OFFICIAL CAPACITY AND IN HER INDIVIDUAL CAPACITY AND**</u>
<u>**AGAINST THE TOWN OF ABINGDON**</u>

32. Ms. Icenhour hereby incorporates by reference herein, the preceding paragraphs of this Complaint.

33. Ms. Patterson's defamatory statement form the basis of a cause of action for defamation *per se*.

34. Ms. Patterson's statement is actionable *per se* as the statements impute to Ms. Icenhour, an unfitness to perform the duties of her employment.

35. In addition, on or about early Fall of 2016, Mr. Craig, a representative of the Town of Abingdon, stated during a public work meeting that Ms. Icenhour was "in bed with Food City."

36. Mr. Craig's statement is actionable *per se* as the statements impute to Ms. Icenhour, an unfitness to perform the duties of her employment and/or sexual promiscuity.

37. As a proximate result of the false, malicious, insulting, defamatory and slanderous remarks, Ms. Icenhour has suffered humiliation, embarrassment, mortification, shame, vilification, ridicule, exposure to public infamy, disgrace, scandal, injury to her professional and personal reputations, financial loss, and has been hampered in the conduct of her business and affairs all due to these defamatory statements.

38. Due to principles of agency, the Town is liable for the acts and/or omissions of Ms.

Patterson and Mr. Craig through the doctrine of *respondeat superior*.

## COUNT III: DEPRIVATION OF LIBERTY INTEREST
## IN VIOLATION OF 42 U.S.C. § 1983 AGAINST THE TOWN OF ABINGDON

39. Ms. Icenhour hereby incorporates by reference herein, the preceding paragraphs of this Complaint.

40. After Ms. Patterson's statement was uttered, it applied a stigma to the professional reputation of Ms. Icenhour. After Mr. Craig's statement was uttered, it applied a stigma to the professional reputation of Ms. Icenhour.

41. Further, the defamatory utterances were followed by increasingly hostile behavior ultimately resulting in Ms. Icenhour's constructive discharge on or about July 14, 2018.

42. Though time passed between the utterance of Ms. Patterson's statement/Mr. Craig's statement and Ms. Icenhour's termination from employment, Ms. Icenhour was subjected to ever-increasing workplace hostility by Town leadership.

43. The following actions were promulgated by members of the Town Council and directed toward Ms. Icenhour in a string of continuous incidents from the date of statements to her termination:

    a. Raised angered voices;

    b. Overt threats of job security;

    c. Frequent attempts to undermine Ms. Icenhour at the workplace by pitting staff members against one another;

    d. Falsely accusing Ms. Icenhour of stealing Town property;

    e. Falsely accusing Ms. Icenhour of trespassing on Town property.

44. Ms. Icenhour attempted to resolve her issues with the Town, but, upon information and

6

belief, Ms. Patterson and other town officials continuously made statements critical of Ms. Icenhour's work performance, and false statements regarding Ms. Icenhour's character and her credibility to members of the public on multiple occasions leading up to Ms. Icenhour's separation from employment.

45. All of these activities on behalf of the Town placed a stigma on Ms. Icenhour's reputation.

46. All of the communications that applied a stigma to Ms. Icenhour's reputation were made by members of Council.

47. These statements were made in a worsening and continuously hostile working environment that were made in conjunction with her constructive termination.

48. All of these aforementioned statements were false.

49. All of this conduct resulted in a violation of Ms. Icenhour's Due Process Liberty Interest.

## COUNT IV: CLAIM FOR DISCRIMINATION
## IN VIOLATION OF THE ADA AGAINST THE TOWN OF ABINGDON

50. Ms. Icenhour suffers disabilities, to-wit, anxiety, depression and metalosis, a toxic blood condition in which exorbitant levels of metals (cobalt and chromium usually originating from an orthopaedic prosthesis) enter the bloodstream and deprive muscle and bone tissue of oxygen, thereby causing the same to deteriorate. These disabilities affect one or more of Ms. Icenhour's daily life activities such as ambulating, working, standing, sitting, speaking, and concentrating.

51. Ms. Icenhour has suffered and continues to suffer from each of the named disabilities as these conditions have been constantly exacerbated due to the often unprofessional and occasionally outrageous actions of several of her supervisors, the Abingdon Town Council Members.

7

52. Due to the stressful work environment caused by lack of order, discipline, and reliability as well as the political in-fighting among Council members, Ms. Icenhour's disabilities have been negatively impacted and have affected her daily life activities, her health and quality of life.

53. Ms. Icenhour has continued to suffer discrimination due to her disability, and retaliation based on her disability, and for filing Charges of Discrimination based upon disability and sex with the Equal Employment Opportunity Commission, Charge Nos. 438-2017-01163 and 438-2018-00414.

54. On January 10, 2018, Ms. Icenhour's attorney submitted a letter to the attorney for the Town Abingdon that included the terms "Accommodations Requests" within the subject line of the letter.

55. The letter provided twelve (12) possible and reasonable accommodations for Ms. Icenhour's disabilities.

56. However, the Town improperly refused to engage in the interactive process, as required by the ADA, in order to find accommodations to Ms. Icenhour's disabilities. Ms. Icenhour only received a token communication from Abingdon's legal counsel in the matter several months later, on or about April of 2018, stating that the Council of the Town of Abingdon would engage in the interactive process.

57. When Ms. Icenhour attempted to further communicate with the Town concerning the interactive process, she did not receive further reply from the Town Council or its legal counsel on the matter.

58. Further, Ms. Icenhour served as the Freedom of Information Act ("FOIA") officer for the Town of Abingdon for many years (10 yrs.), in addition to her responsibilities as Town Attorney. Ms. Icenhour was often required to come in to work early and stayed late in order to correctly

address the many FOIA requests received.

59. Unfortunately, due to Ms. Icenhour's complaints about disability discrimination, her sex, female, and filing two (2) prior Charges of Discrimination with the EEOC, the Town Council approved a male employee, Floyd Bailey, to assist with FOIA requests and to become an additional FOIA Officer for Abingdon. Mr. Bailey essentially replaced Ms. Icenhour.

60. Upon the appointment of Mr. Bailey, Abingdon's Town Council instantly approved an immediate pay raise for him to perform the duties, although Ms. Icenhour had fulfilled the same duties and had served as Abingdon's FOIA Officer for many years, both before and after such an appointment became a state requirement in 2016.

61. Ms. Icenhour was never given a pay raise for holding dual positions. Ms. Icenhour was directed to, and did, train Mr. Bailey in matters related to the Freedom of Information Act, as, upon information and belief, Mr. Bailey had no basis of knowledge in FOIA matters prior to said training. Upon information and belief, the Town of Abingdon harbored an animus against Ms. Icenhour due to her sex, female and/or her disabilities.

62. Ms. Icenhour filed her first Charge of Discrimination on or around September 12, 2017. Ms. Icenhour filed her second Charge of Discrimination on or around December 22, 2017. Ms. Icenhour filed her third Charge of Discrimination on or around July 31, 2018. Her Notice of Rights issued by the EEOC after the filing of her third Charge of Discrimination is appended to this pleading and has been made a part hereof, as **EXHIBIT A**.

63. As a disabled employee, Ms. Icenhour is protected from disability discrimination and retaliation by the Americans with Disabilities Act, as codified under Title 42 U.S.C. §§ 12101 *et seq.*, and the ADA Amendments Act of 2008 ("ADA").

64. At all times relevant to this Complaint, Ms. Icenhour was a qualified individual with a disability, pursuant to the ADA.

65. Specifically, and at all times relevant, Ms. Icenhour suffered from a disability that impaired several of Ms. Icenhour's daily life and work activities.

66. In the alternative, Ms. Icenhour was regarded by the Defendants as having such impairments.

67. At all times relevant, however, Ms. Icenhour could perform the essential functions of her job as a Town Attorney and FOIA officer with an accommodation.

68. Prior to her requests for accommodations, Ms. Icenhour was performing her work at a satisfactory level and meeting or exceeding the legitimate business expectations of the Town of Abingdon.

69. Ms. Icenhour revealed her disability to her supervisors at the Town of Abingdon, and requested a myriad of possible and reasonable accommodations.

70. The Town of Abingdon discriminated against Ms. Icenhour by refusing to appropriately engage in a dialogue with her for months in regard to disability accommodations, intimidating and discouraging Ms. Icenhour from pursuing her accommodation requests, and essentially denying Ms. Icenhour's accommodation requests by ignoring them for an extended period of time, ultimately resulting in Ms. Icenhour's unlawful constructive discharge from employment.

71. The Town of Abingdon would not have terminated Ms. Icenhour's employment, nor taken the other discriminatory and retaliatory actions against her, but for Ms. Icenhour's disability and/or requests for reasonable accommodations and/or the filing of her multiple EEOC Charges.

72. Any reasons given by the Town of Abingdon for its treatment of Ms. Icenhour were pretextual, as Ms. Icenhour's work performance was excellent.

73. Ms. Icenhour's separation from employment occurred under circumstances that raise a reasonable inference of unlawful discrimination based upon her disability and/or requests for accommodations and/or filed EEOC Charges.

74. As a direct and proximate result of the Town of Abingdon's actions, Ms. Icenhour has suffered and will continue to suffer pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

75. At all times material hereto, the Town of Abingdon engaged in unlawful or discriminatory practices with malice or reckless indifference to the federally protected rights of Ms. Icenhour so as to support an award of punitive and/or liquidated damages.

76. The above-described acts by the Town of Abingdon and employees of Town of Abingdon constitute disability discrimination in violation of the Americans with Disabilities Act, as codified under Title 42 U.S.C. §§ 12101 *et seq*., and the ADA Amendments Act of 2008 ("ADA").

## COUNT V: RETALIATION IN VIOLATION OF THE ADA
## AGAINST THE TOWN OF ABINGDON

77. Ms. Icenhour incorporates herein by reference the preceding paragraphs of this Complaint.

78. At all times relevant to this Complaint, Ms. Icenhour was a qualified individual with a disability, pursuant to the ADA.

79. Specifically, and at all times relevant, Ms. Icenhour suffered from a disability that impaired several of Ms. Icenhour's daily life and work activities.

80. In the alternative, Ms. Icenhour was regarded by the Defendants as having such disabilities.

81. At all times relevant, however, Ms. Icenhour could perform the essential functions of her job as a Town Attorney and FOIA officer with an accommodation.

82. Prior to her requests for accommodations, Ms. Icenhour was performing her work at a satisfactory level and meeting or exceeding the legitimate business expectations of the Town of Abingdon.

83. Ms. Icenhour revealed her disability to her supervisors at the Town of Abingdon and requested a myriad of possible and reasonable accommodations.

84. Ms. Icenhour engaged in multiple protected activities such as the filing of two EEOC Charges while employed, and repeated requests for accommodations.

85. The Town of Abingdon retaliated against Ms. Icenhour by refusing to appropriately engage in a dialogue with her for months in regard to disability accommodations, intimidating and discouraging Ms. Icenhour from pursuing her accommodation requests, and essentially denying Ms. Icenhour's accommodation requests by ignoring them for an extended period of time, ultimately resulting in Ms. Icenhour's unlawful constructive discharge from employment.

86. The Town of Abingdon would not have terminated Ms. Icenhour's employment, nor taken the other discriminatory and retaliatory actions against her, but for Ms. Icenhour's disability and/or requests for reasonable accommodations and/or the filing of her multiple EEOC Charges.

87. Any reasons given by the Town of Abingdon for its treatment of Ms. Icenhour were pretextual, as Ms. Icenhour's work performance was excellent.

88. Ms. Icenhour's separation from employment occurred under circumstances that raise a reasonable inference of unlawful retaliation based upon her disability and/or requests for accommodations and/or filed EEOC Charges.

89. As a direct and proximate result of the Town of Abingdon's actions, Ms. Icenhour has suffered and will continue to suffer pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

90. At all times material hereto, the Town of Abingdon engaged in unlawful or discriminatory practices with malice or reckless indifference to the federally protected rights of Ms. Icenhour so as to support an award of liquidated and/or punitive damages.

91. The above-described acts by the Town of Abingdon and employees of Town of Abingdon constitute disability retaliation in violation of the Americans with Disabilities Act, as codified under Title 42 U.S.C. §§ 12101 *et seq*., and the ADA Amendments Act of 2008 ("ADA").

## COUNT VI: CLAIM FOR FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA AGAINST THE TOWN OF ABINGDON

92. Ms. Icenhour incorporates herein by reference the preceding paragraphs of this Complaint.

93. At all times relevant to this Complaint, Ms. Icenhour was a qualified individual with a disability, pursuant to the ADA.

94. Specifically, and at all times relevant, Ms. Icenhour suffered from disabilities that impaired several of Ms. Icenhour's daily life and work activities.

95. In the alternative, Ms. Icenhour was regarded by the Town of Abingdon as having such disabilities.

13

96. At all times relevant, however, Ms. Icenhour could perform the essential functions of her job as a Town Attorney with or without an accommodation.

97. Prior to her requests for accommodations, Ms. Icenhour was performing her work at a satisfactory level and meeting or exceeding the legitimate business expectations of the Town of Abingdon.

98. The Town of Abingdon repeatedly failed to engage in the interactive process required to isolate any possible accommodations that could have suited the working environment. Such failure to accommodate created an atmosphere hostile to Ms. Icenhour and paved the way to a constructive discharge.

99. The above-described acts by the Town of Abingdon and employees of the Town of Abingdon constitute failure to accommodate in violation of the Americans with Disabilities Act, as codified under Title 42 U.S.C. §§ 12101 *et seq*., and the ADA Amendments Act of 2008 ("ADA").

## COUNT VII: SEX DISCRIMINATION/SEX-BASED WAGE DISCRIMINATION PURSUANT TO TITLE VII AGAINST THE TOWN OF ABINGDON

100. Ms. Icenhour incorporates by reference herein the preceding paragraphs of this Complaint.

101. Ms. Icenhour is a female and is protected from sex discrimination by Title VII.

102. The Town of Abingdon has discriminated against Ms. Icenhour by treating her differently from, and less preferably than, similarly situated male employees and subjecting her to discriminatory pay, discriminatory denials of pay raises, and other differential treatment on the basis of her sex.

103. Ms. Icenhour was not paid compensation equal to the compensation paid to male

employees of equal skill, effort, and responsibility.

104.    The Town of Abingdon's policies, practices, and/or procedures have had a disparate impact on Ms. Icenhour with respect to the terms and conditions of her employment.

105.    In addition, Ms. Icenhour was subjected to inappropriate commentary on the basis of her sex.  As one example, on or about late February 2017, Mr. Craig asked Ms. Icenhour, "how is your estrogen level?"   In addition, on or about early Fall of 2016, Mr. Craig stated during a public work meeting that Ms. Icenhour was "in bed with Food City."

106.    The Town of Abingdon violated federal law by permitting a work environment to exist that was discriminatory to Ms. Icenhour, and other female employees, and by wrongfully constructively discharging Ms. Icenhour.

107.    The Town of Abingdon would not have subjected Ms. Icenhour to discriminatory pay, discriminatory denials of pay raises, and other differential treatment but for Ms. Icenhour's sex.

108.    As a direct and proximate result of the actions of the Town of Abingdon, Ms. Icenhour has suffered and will continue to suffer pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary loss.

109.    At all times material hereto, the Town of Abingdon engaged in a discriminatory practice or practices with malice or reckless indifference to the federally protected rights of Ms. Icenhour so as to support an award of punitive damages.

110.    The above-described acts by the Town of Abingdon constitute discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and the Lilly Ledbetter Fair Pay Act of 2009 ("Fair Pay Act"), as codified under 42 U.S.C. §§ 2000e, *et seq*. ("Title VII").

## COUNT VIII:  SEX –BASED WAGE DISCRIMINATION
## PURSUANT TO THE EQUAL PAY ACT

111.     Ms. Icenhour incorporates by reference herein the preceding paragraphs of this Complaint.

112.     Ms. Icenhour is a female and is protected from sex discrimination pursuant to the Equal Pay Act, which is part of the Fair Labor Standards Act of 1938, as amended, and which prohibits sex-based wage discrimination between men and women in the same establishment who perform jobs that require substantially equal skill, effort and responsibility under similar working conditions.

113.     Specifically, 29 U.S.C. § 206(d) prohibits sex discrimination as follows:  "No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions . . . ."

114.     The Town of Abingdon has discriminated against Ms. Icenhour by treating her differently from, and less preferably than, similarly situated male employees and subjecting her to discriminatory pay based on her sex.

115.     The Town of Abingdon's policies, practices, and/or procedures have had a disparate impact on Ms. Icenhour with respect to the terms and conditions of her employment.

116.     The Town of Abingdon violated federal law by permitting a work environment to exist that was discriminatory to Ms. Icenhour, and other female employees, and by wrongfully

constructively discharging Ms. Icenhour.

117.     Because the actions of the Town of Abingdon supervisory employees were taken within the scope of their employment, The Town of Abingdon is responsible for their actions based upon the doctrine of *respondeat superior*.

118.     The Town of Abingdon caused, attempted to cause, contributed to, or caused the continuation of wage rate discrimination based upon gender, in violation of the EPA, and this conduct constitutes a willful violation of the EPA within the meaning of 29 U.S.C. § 255(a). Because the Town of Abingdon willfully violated the EPA, a three-year statute of limitations applies to such violations.

119.     At all times material hereto, the Town of Abingdon engaged in willful discriminatory practice or practices to the federally protected rights of Ms. Icenhour so as to support an award of liquidated damages and attorneys' fees pursuant to 29 U.S.C. § 216(b).

120.     As a direct and proximate result of the actions of the Town of Abingdon, Ms. Icenhour has suffered and will continue to suffer pecuniary loss, including lost earnings, and emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary loss.

121.     The above-described acts by the Town of Abingdon constitute discrimination in violation of the Equal Pay Act of 1963, as codified under 29 U.S.C. §§ 201, *et seq*. ("EPA").


WHEREFORE Plaintiff Deborah Icenhour prays for judgment against the Defendants, jointly and severally, consistent with these allegations and requests that the Court award her general damages in the amount of **TWO MILLION DOLLARS** ($2,000,000.00) and compensatory and punitive damages in the amount of **TWO MILLION DOLLARS** ($2,000,000.00), together with

pre-judgment interest from the date of the statements, as well as incidental and consequential costs associated herewith, liquidated damages, back pay, front pay, attorneys' fees and any such other relief as a competent Court would deem appropriate.

**JURY TRIAL RESPECTFULLY REQUESTED**

Respectfully submitted,

DEBORAH COFFEY ICENHOUR

By: /s/ Thomas E. Strelka
Thomas E. Strelka, Esq. (VSB No. 75488)
L. Leigh R. Strelka, Esq. (VSB No. 73355)
N. Winston West IV, Esq. (VSB No. 92598)
STRELKA LAW OFFICE, PC
Warehouse Row
119 Norfolk Avenue, S.W., Suite 330
Roanoke, VA 24011
(540) 283-0802
thomas@strelkalaw.com
leigh@strelkalaw.com
winston@strelkalaw.com

*Counsel for Plaintiff*